UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | | |
|---|---|---|
| ELIJAH REID, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 25-4083 |
| | ) | |
| JOHNSON, *et al.* | ) | |
| | ) | |
| Defendants. | ) | |

## MERIT REVIEW ORDER

Plaintiff, proceeding pro se and presently incarcerated at Pontiac Correctional Center, was granted leave to proceed *in forma pauperis*. The case is now before the Court for a merit review of Plaintiff's claims. As a threshold matter, Plaintiff filed identical Motions for Leave to File Amended Complaint (Docs. 8, 11). Plaintiff's most recent motion (Doc. 11) is granted. Plaintiff's first motion (Doc. 8) is denied as moot.

The Court must "screen" Plaintiff's amended complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. 28 U.S.C. § 1915A. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.*

The Court accepts the factual allegations as true, liberally construing them in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). Conclusory statements and labels are insufficient—the facts alleged must "state a claim for relief that is plausible on its face." *Alexander v. U.S.*, 721 F.3d 418, 422 (7th Cir. 2013) (citation omitted).

Plaintiff alleges that he suffers from a mental health condition that causes him to hear voices and speak to "Chucky" who tells him to hurt and kill his cellmates. Plaintiff alleges that prison officials housed him without a cellmate for 12 years, but, upon his transfer to Hill Correctional Center, the John Doe placement officer housed him with a cellmate. Plaintiff alleges that John Doe correctional officer ignored his pleas regarding his mental health condition and continued to house him with a cellmate.

Plaintiff alleges that he told Defendant Johnson that his cellmate said he would "kill [Plaintiff's] weird ass if he keep[s] talking to himself and Chucky," and that he and his cellmate were "constantly…about to fight." Plaintiff also alleges that he informed Defendants Baker and John Doe officer via letter that he feared for his life to no avail. Plaintiff alleges that Defendant Thapar told him she did not have authority as a mental health professional to change Plaintiff's housing assignment. Plaintiff alleges that he was thereafter involved in a physical altercation with his cellmate that involved a trip to the emergency room due to injuries and his cellmate's HIV-positive status.

Plaintiff states an Eighth Amendment failure-to-protect claim against Defendants Johnson, John Doe placement officer, and John Doe officer. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). Plaintiff's allegations do not permit a plausible inference that the remaining defendants had authority to change his cell assignment or were otherwise responsible for doing so. *Vance v. Peters*, 97 F.3d 987, 991 (7th Cir. 1996) ("Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus, liability does not attach unless the individual defendant caused or participated in a constitutional deprivation."). The Court finds that Plaintiff fails to state a claim against the remaining defendants. *Burks v. Raemisch*, 555 F.3d

592, 595 (7th Cir. 2009) ("[N]o prisoner is entitled to insist that one employee do another's job.").

### Plaintiff's Motion to Request Counsel (Doc. 5)

Plaintiff has no constitutional or statutory right to counsel in this case. In considering the Plaintiff's motion, the court asks: (1) has the indigent Plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself? *Pruitt v. Mote*, 503 F.3d 647, 654-55 (7th Cir. 2007).

Plaintiff satisfied the first prong. Plaintiff states he has completed grammar school. Plaintiff has personal knowledge of the facts, he has been able to adequately communicate them to the Court, and he should be able to obtain relevant documents via the discovery process. This case does not appear overly complex at this time, nor does it appear that it will require expert testimony. The Court finds that Plaintiff is capable of representing himself at this time. Plaintiff's motion is denied with leave to renew.

**IT IS THEREFORE ORDERED:**

**1.      Plaintiff's Motion for Leave to File Amended Complaint [11] is GRANTED. Clerk is directed to docket the proposed amended complaint attached to Plaintiff's motion.**

**2.      Pursuant to its merit review of the Complaint under 28 U.S.C. § 1915A, the court finds that the plaintiff states an Eighth Amendment failure-to-protect claim against Defendants Johnson, John Doe placement officer, and John Doe officer. Any additional claims shall not be included in the case, except at the court's discretion on motion by a party for good cause shown or pursuant to Federal Rule of Civil Procedure 15.**

**3.      This case is now in the process of service. The plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, in order to give notice to the defendants and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. The plaintiff need not submit any evidence to the court at this time, unless otherwise directed by the court.**

**4.** The court will attempt service on the defendants by mailing each defendant a waiver of service. The defendants have 60 days from the date the waiver is sent to file an answer. If the defendants have not filed answers or appeared through counsel within 90 days of the entry of this order, the plaintiff may file a motion requesting the status of service. After the defendants have been served, the court will enter an order setting discovery and dispositive motion deadlines.

**5.** With respect to a defendant who no longer works at the address provided by the plaintiff, the entity for whom that defendant worked while at that address shall provide to the clerk said defendant's current work address, or, if not known, said defendant's forwarding address. This information shall be used only for effectuating service. Documentation of forwarding addresses shall be retained only by the clerk and shall not be maintained in the public docket nor disclosed by the clerk.

**6.** The defendants shall file an answer within 60 days of the date the waiver is sent by the clerk. A motion to dismiss is not an answer. The answer should include all defenses appropriate under the Federal Rules. The answer and subsequent pleadings shall be to the issues and claims stated in this opinion. In general, an answer sets forth the defendants' positions. The court does not rule on the merits of those positions unless and until a motion is filed by the defendants. Therefore, no response to the answer is necessary or will be considered.

**7.** This district uses electronic filing, which means that, after defense counsel has filed an appearance, defense counsel will automatically receive electronic notice of any motion or other paper filed by the plaintiff with the clerk. The plaintiff does not need to mail to defense counsel copies of motions and other papers that the plaintiff has filed with the clerk. However, this does not apply to discovery requests and responses. Discovery requests and responses are not filed with the clerk. The plaintiff must mail his discovery requests and responses directly to defendants' counsel. Discovery requests or responses sent to the clerk will be returned unfiled, unless they are attached to and the subject of a motion to compel. Discovery does not begin until defense counsel has filed an appearance and the court has entered a scheduling order, which will explain the discovery process in more detail.

**8.** Counsel for the defendants is hereby granted leave to depose the plaintiff at his place of confinement. Counsel for the defendants shall arrange the time for the deposition.

**9.** The plaintiff shall immediately notify the court, in writing, of any change in his mailing address and telephone number. The plaintiff's failure to notify the court of a change in mailing address or phone number will result in dismissal of this lawsuit, with prejudice.

**10.** If a defendant fails to sign and return a waiver of service to the clerk within 30 days after the waiver is sent, the court will take appropriate steps to effect formal service through the U.S. Marshals service on that defendant and will require that

defendant to pay the full costs of formal service pursuant to Federal Rule of Civil Procedure 4(d)(2).

      **11.**    **The clerk is directed to enter the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.**

      **12.**    **The clerk is directed to terminate Pradeep Thapar, Tyrone Baker, and John/Jane Doe mental health staff as defendants.**

      **13.**    **The clerk is directed to attempt service on Defendant Johnson pursuant to the standard procedures.**

      **14.**    **Plaintiff's Motion [5] is DENIED with leave to renew.**

      **15.**    **Plaintiff's Motion [8] is DENIED.**

Entered this 10th day of October, 2025.

*s/Sara Darrow*
SARA DARROW
CHIEF U.S. DISTRICT JUDGE